UNITED STATES DISTRICT COURT

Hand-Delivered

WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

FILED
ASHEVILLE, NC

MAY 13 2025

U.S. DISTRICT COURT
W. DISTRICT OF N.C.

James Horrisberger,

    Plaintiff,

v.

Parks Hospitality Group and Hilton Worldwide Holdings Inc.,

    Defendants.

Civil Action No. 1:25-CV-141-MR-WCM

**COMPLAINT AND DEMAND FOR JURY TRIAL**

I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under federal laws, including the Americans with Disabilities Act (ADA) and Title VII of the Civil Rights Act.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the events giving rise to this complaint occurred within the Western District of North Carolina, Asheville Division.

II. PARTIES

3. Plaintiff, James Horrisberger, is a resident of North Carolina and a former employee of a Hilton-branded property operated by Parks Hospitality Group.

4. Defendant, Parks Hospitality Group, is a hotel management company operating the DoubleTree by Hilton in Asheville, North Carolina.

5. Defendant, Hilton Worldwide Holdings Inc., is a multinational hospitality company headquartered in Virginia and the franchisor of the DoubleTree brand.

III. STATEMENT OF FACTS

6. Plaintiff began working at the DoubleTree by Hilton in Asheville, NC, a Hilton-branded franchise managed by Parks Hospitality Group.

7. Hilton, as franchisor, promotes a unified brand experience and exercises operational influence over employee training, standards, and guest policies. As such, Hilton bears vicarious liability under established case law.

8. Parks Hospitality Group repeatedly violated this boundary and failed to engage in an interactive process to accommodate Plaintiff's needs.

9. Plaintiff had previously communicated a clear boundary, under ADA protection, requiring all communication to be conducted via email due to a diagnosed autism spectrum condition.

10. Despite this, Parks Hospitality Group falsely classified Plaintiff as a 'no-call/no-show' and designated the separation as a 'voluntary resignation.'

11. On May 12, 2025, Plaintiff reported for duty and clocked in at 6:58 AM. Plaintiff clocked out at 7:30 AM after experiencing and reporting workplace harassment.

IV. CLAIMS FOR RELIEF

Count I – ADA Violation

12. Defendants failed to honor ADA-protected communication boundaries, directly contributing to the Plaintiff's constructive dismissal.

Count II – Retaliation

13. Defendants retaliated against the Plaintiff after protected activity, including verbal notice of ADA protections.

Count III – Wrongful Classification

14. Defendants falsely classified the Plaintiff's departure as 'voluntary resignation' despite documentary evidence to the contrary.

Count IV – Vicarious Liability

15. Hilton bears legal responsibility under doctrines of ostensible agency, brand accountability, and vicarious liability for the harm inflicted upon Plaintiff by Parks Hospitality Group.

16. Hilton, through its branding and operational structure, exercises substantial influence over daily standards and practices at DoubleTree locations, thereby bearing responsibility for employment conditions and wrongful actions of its franchisees.

17. The public, including both guests and employees, reasonably perceives franchise properties as Hilton-operated based on unified branding, consistent design, standardized procedures, and interconnected reservation systems.

Plaintiff demands a trial by jury on all claims so triable.

Respectfully submitted,

James Horrisberger

Asheville, NC 28801

Email: jameshorrisgolf@icloud.com

Date: May 13, 2025

Respectfully submitted,

*[signature]*

James Horrisberger

Asheville, NC 28801

Email: jameshorrisgolf@icloud.com

Date: 05/13/2025