IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:25-cv-00141-MR-WCM

| | | |
|---|---|---|
| JAMES HORRISBERGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND |
| v. | ) | RECOMMENDATION |
| | ) | |
| PARKS HOSPITALITY GROUP; | ) | |
| and HILTON WORLDWIDE | ) | |
| HOLDINGS INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Defendant Parks Hospitality Group Inc.'s Motion to Dismiss for Failure to Prosecute (the "Motion to Dismiss," Doc. 9), which has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) for the entry of a recommendation.

## I. Background

On May 13, 2025, James Horrisberger ("Plaintiff") filed his Complaint against Parks Hospitality Group ("Parks") and Hilton Worldwide Holdings Inc. ("Hilton"). Doc. 1. Plaintiff also filed an "Emergency Motion for Preliminary Relief," which the Court construed as a Motion for Temporary Restraining Order. Docs. 3, 6.

On May 15, 2025, Plaintiff was granted leave to proceed without prepayment of the filing fee or giving security therefor. Doc. 5. Plaintiff was

1

instructed to prepare and submit to the Clerk summonses for Parks and Hilton on or before May 30, 2025 and advised that he remained responsible for making sure that service was effected properly pursuant to the Rules of Civil Procedure. Id.

Also on May 15, the presiding District Judge denied Plaintiff's Motion for Temporary Restraining Order. Doc. 6. The Court noted that Plaintiff had not provided the Court with a mailing address as he did not have stable housing, but that Plaintiff had been granted the ability to receive electronic notification of court filings.

On June 12, 2025, Parks filed the Motion to Dismiss. Docs. 9, 10, 11.

On June 16, 2025, the undersigned issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) advising Plaintiff of the Motion to Dismiss and his responsibility to respond. Doc. 12. Plaintiff's deadline to respond to the Motion to Dismiss was extended through and including July 11, 2025, and Plaintiff was advised that if he failed to respond to the Motion to Dismiss by that deadline, the Court may proceed to consider the Motion to Dismiss without hearing from him. Id.

By order filed on August 7, 2025, the undersigned *sua sponte* extended Plaintiff's deadline to submit summonses to the Clerk, serve Defendants, and file proofs of service through and including September 5, 2025.

Plaintiff has made no further filings.

## II. Discussion

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action for failure to prosecute or for failure to comply with court rules or orders. Fed. R. Civ. P. 41(b). This authority also springs from the court's inherent power to manage its docket. Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019); see also Link v. Wabash R. Co., 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

At the same time, "sound public policy favors deciding cases on their merits and therefore ... the power to dismiss must be exercised 'with restraint.'" Sorto v. AutoZone, Inc., 821 F. App'x 188, 194–95 (4th Cir. 2020) (quoting Dove v. CODESCO, 569 F.2d 807, 810 (4th Cir. 1978)).

Accordingly, courts considering Rule 41(b) dismissals must "consider not only 'the effectiveness of sanctions less drastic than dismissal' but also 'the plaintiff's degree of personal responsibility,' 'the amount of prejudice caused the defendant,' and 'the presence of a drawn out history of deliberately proceeding in a dilatory fashion.'" Id. (quoting Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990)).

Here, this matter has been pending for approximately four months, and it appears that Plaintiff is currently unhoused. Though there is no evidence of formal service in the record as to either Defendant, Parks has appeared. Under

3

these circumstances, the undersigned is not persuaded that Defendants have suffered significant prejudice, or that Plaintiff has exhibited a drawn-out history of deliberately proceeding in a dilatory fashion.

On the other hand, Plaintiff was previously directed to prepare a summons for each Defendant and submit those summonses to the Clerk on or before May 30, 2025. However, he did not do so by that date or seek an extension of the deadline.[1] Plaintiff was subsequently provided with additional time—through and including September 5, 2025—to submit summonses and file proof of service, but again Plaintiff did not take these actions. Finally, Plaintiff was advised of his deadline to respond to the Motion to Dismiss but did not submit a response by that deadline or seek an extension of time to respond. As a *pro se* litigant, Plaintiff is "entirely responsible" for his failure to meet these deadlines. Leatherman v. Belk, Inc., No. 520CV00169-KDB-DCK, 2021 WL 848176, at *1 (W.D.N.C. Mar. 5, 2021).

---

[1] Parks asserts that Plaintiff indicated on May 11, 2025 that he (Plaintiff) "was planning on embarking on a hike of the Appalachian Trail in the immediate future" and that Plaintiff "has now disappeared into the Appalachian wilderness." Doc. 10 at ¶ 5; Doc. 11 at 3.

4

### III.    Recommendation

For these reasons, the undersigned **RESPECTFULLY RECOMMENDS** that Defendant Parks Hospitality Group Inc.'s Motion to Dismiss for Failure to Prosecute (Doc. 9) be **GRANTED,** and that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE.**

Signed: September 10, 2025

W. Carleton Metcalf
United States Magistrate Judge

5

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).